Filed 11/24/20  P. v. Todd CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C091427 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF1800130) |
| v. | |
| JACKLYN LORRAINE TODD, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jacklyn Lorraine Todd filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Thereafter, defendant filed a supplemental brief.  Having reviewed defendant's arguments and the record as required by *Wende*, we will affirm.

1

# I. BACKGROUND

The People's felony complaint charged defendant with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)—count 1)[1] and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)—count 2). On January 31, 2018, defendant entered a conditional plea with a *Cruz*[2] waiver of no contest to count 2 in exchange for probation and dismissal of count 1. The stipulated factual basis for her plea was the sheriff's report, which indicated defendant had struck her ex-boyfriend in the head with a guitar causing a laceration on his scalp. The parties also stipulated to the unusual circumstance finding necessary to grant defendant probation. The matter was referred for a full sentencing report.

On March 26, 2018, the trial court accepted defendant's conditional plea and dismissed the remaining count. The court then suspended imposition of sentence and placed defendant on three years' felony probation with various terms and conditions, including that she "not batter, annoy, threaten or harass" the victim, J.M. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $30 collection fee on that fine (§ 1202.4, subd. (*l*)), a $300 suspended probation revocation restitution fine (§ 1202.44), a $40 court operations assessment fee (§ 1465.8), a $30 criminal conviction assessment fee (Gov. Code, § 70373), and a $70 workman's compensation fee for her participation in the sheriff's work program[3] (§ 1203.1b). The court also ordered defendant pay $40 each month for the costs of probation supervision (§ 1203.1b), $370 for the presentence report (§ 1203.1b), a booking fee of $43.50 (Gov. Code, § 29550.2), and $100 for the cost of her

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5.

[3] Defendant's conditions of probation included that she complete 40 hours of the sheriff's work program.

public defender (§ 987.8).  Finally, the court awarded defendant 14 days actual credit plus 14 days conduct credit for a total of 28 days custody credit.

On October 10, 2018, the People filed a petition for revocation of probation alleging defendant violated her probation by breaking the law because she had been charged in another case with a misdemeanor count of inflicting injury on a present or former spouse, fiancé, or dating partner (§ 273.5, subd. (a)).  The parties resolved both matters by the People amending the violation petition to allege that defendant had battered, threatened, or harassed the victim, M.D., in violation of the probation condition that she obey all laws.  Defendant admitted this violation and in exchange, the new case was dismissed.  The court reinstated defendant's probation with an additional one day in county jail with credit for time served and 60 additional hours of the sheriff's work program.  The court also modified defendant's probation to impose a condition that she stay 100 yards away from and have no contact with the victim, M.D.

The People's October 23, 2019 petition for violation of probation alleged defendant violated her probation by failing to:  (1) report to her probation officer, (2) participate in and complete a domestic violence batter's treatment program; and (3) participate in and complete two treatment and education rehabilitation programs as directed by her probation officer.  Defendant initially denied the allegations, but later admitted them on November 22, 2019.

Thereafter, on December 23, 2019, the court denied defendant's request for reinstatement of probation, finding her performance on probation had been "abysmal."  The court sentenced her to the lower term of two years in state prison with credit for 64 days actual custody credit and 64 days conduct credit for a total of 128 days custody credit.  The court also lifted the suspension on the previously imposed $300 probation revocation restitution fine and imposed a $300 parole revocation restitution fine (§ 1202.45).  Defendant timely appealed and did not request a certificate of probable cause.

3

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief, which we understand to argue the merits of the facts underlying her probation violations. Specifically, she complains that: (1) she should not have been found to have violated her probation where the charges against her for harming her fiancé, who was living in her apartment, had been dropped and (2) that did she not fail to obey the directions of her probation officer, including those related to treatment that defendant sought herself and then elected to stop after being accepted into college classes.

Having undertaken an examination of the entire record pursuant to *Wende* and having considered defendant's claims, we find no errors that would result in a disposition more favorable to her. Because defendant admitted her probation violations, her appellate challenge to their validity is prohibited unless she first obtains a certificate of probable cause. (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1186-1187 [certificate of probable cause requirement applies to admissions of probation violations].) She has not done so.

4

## III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

HULL, Acting P. J.

/S/

ROBIE, J.